UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

| In re: | ) | |
|---|---|---|
| **Olusesan Aderibigbe** | ) | Case No.    18-46215 |
| | ) | Chapter 13 |
| SSN: **xxx-xx-2875** | )) | Hearing Date:    9/19/2019 |
| Debtor(s) | ) | Hearing Time:    11:00AM |
| | ) | Hearing Loc:    7 North |

SIXTH AMENDED CHAPTER 13 PLAN

| 1.1 | A limit on the dollar amount of a secured claim, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included <br> ☑ Not Included |
|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest. | ☐ Included <br> ☑ Not Included |
| 1.3 | Nonstandard provisions set out in Part 5. | ☑ Included <br> ☐ Not Included |

Part 1.          NOTICES

**TO DEBTORS:** This form sets out options that may be appropriate in some cases, but the presence of an option does not indicate that the option is appropriate in your circumstances or that it is permissible in the Eastern District of Missouri. **Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**TO CREDITORS: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment, you or your attorney must file an objection to confirmation in accordance with the Eastern District of Missouri Local Bankruptcy Rule 3015. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. **YOU MUST FILE A TIMELY PROOF OF CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED IN THE PLAN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM.**

Part 2.          PLAN PAYMENTS AND LENGTH OF PLAN

2.1      **Plan Payments. Debtor is to make regular payments to the Chapter 13 Trustee as follows: (complete one of the following payment options)**

          (A) $__ per month for __ months.

          (B) $__ per month for __ months, then $__ per month for __ months, then $__ per month for __ months.

          (C) A total of $ **5,470.00** through **January 2019**, then $ **1,360.00** per month for **56** months beginning with the payment due in **February**, 2019__.

2.2      **Tax Refunds.** Within fourteen days after filing federal and state income tax returns, Debtor shall provide the Chapter 13 Trustee with a copy of each return required to be filed during the life of the plan. The Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit (EIC) and Additional Child Tax Credit, each year.

2.3      **Additional Lump Sums.** Debtor shall send additional lump sums(s) consisting of **NONE**, if any, to be paid to the Trustee.

Part 3.          DISBURSEMENTS

Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors. All disbursements by the Trustee will be made pro-rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 3.5 and fees in paragraph 3.6,

1

those funds may be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:

3.1     **Trustee.** Pay Trustee a percentage fee as allowed by law.

3.2     **Executory Contract/Lease Arrearages.** Trustee will cure pre-petition arrearage on any executory contract accepted in paragraphs 3.3(A) or (B) over the following period, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD (6 months or less) |
|---|---|---|
| -NONE- | | |

3.3     **Pay the following sub-paragraphs concurrently:**

   (A) **Post-petition real property lease payments.** Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments (which the Debtor shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|
| -NONE- | |

   (B) **Post-petition personal property lease payments.** Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments (which the Trustee shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT | EST MONTHS REMAINING |
|---|---|---|
| -NONE- | | |

   (C) **Continuing Debt Payments (including post-petition mortgage payments on real estate, other than Debtor's residence.)** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph 3.5(A). Trustee shall make payments in the amount listed below or as adjusted by the creditor under terms of the loan agreement.

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|
| | |

   (D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence shall be paid at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

| CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
|---|---|---|
| | | |

   (E) **DSO Claims in equal installments.** Pay pre-petition domestic support obligation arrears (not provided for elsewhere in the plan) in full in equal monthly installments over the life of the plan, estimated as:

| CREDITOR NAME | TOTAL AMOUNT DUE | INTEREST RATE |
|---|---|---|
| -NONE- | | |

3.4     **Attorney Fees.** Pay Debtor's attorney $ **1,955.00** in equal monthly payments over **12** months (no less than 12 months). Any additional fees allowed by the Court shall be paid pursuant to paragraph 3.6 below. [See procedures manual for limitations on use of this paragraph]

3.5     **Pay the following sub-paragraphs concurrently:**

(A) **Pre-petition arrears on secured claims paid in paragraph 3.3.** Pay pre-petition arrearage on debts paid under paragraphs 3.3(C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified below, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD | INTEREST RATE |
|---|---|---|---|
| | | 48 months | 0.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                                      Best Case Bankruptcy

(B) **Secured claims to be paid in full.** The following claims shall be paid in full in equal monthly payments over the period set forth below with __6.25__ % interest:

| CREDITOR | EST BALANCE DUE | REPAY PERIOD 59 months | TOTAL w/INTEREST |
|---|---|---|---|
| | | | |

(C) **Secured claims subject to modification.** Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with __6.25__ % interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 3.9(A), estimated as set forth below. If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the plan length.

| CREDITOR | BALANCE DUE | FMV | REPAY PERIOD | TOTAL w/INTEREST |
|---|---|---|---|---|
| **Santander Consumer USA** | 11,178.52 | 5,725.00 | **59 months** | $6,664.64 |
| **Metropolitan St Louis Sewer District** | 1,481.31 | 85,500.00 | **59 months** | $1,725.00 |
| **Seterus Inc** | 43,815.04 | 85,500.00 | 59 months | 50,530.80 |

(D) **Co-debtor debt paid in equal monthly installments.** The following co-debtor claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, such claim(s) shall be paid in equal monthly installments over the period and with interest as identified below:

| CREDITOR | EST BALANCE | TRUSTEE/CO-DEBTOR | PERIOD | INTEREST RATE |
|---|---|---|---|---|
| **-NONE-** | | | | |

(E) **Post Petition Fees and Costs.** Pay any post-petition fees and costs as identified in a notice filed pursuant to Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to pay. Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

3.6  **Additional Attorney Fees.** Pay $ __2,000.00__ of Debtor's attorney's fees and any additional Debtor's attorney's fees allowed by the Court.

3.7  **Pay sub-paragraphs concurrently:**

(A) **Unsecured Co-debtor Guaranteed Claims.** The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below:

| CREDITOR NAME | EST TOTAL DUE | TRUSTEE/CO-DEBTOR | INTEREST RATE |
|---|---|---|---|
| **-NONE-** | | | |

(B) **Assigned DSO Claims.** Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, will be paid a fixed amount with the balance to be owed by Debtor(s) after completion of the Plan, pursuant to §§ 507(a)(1)(B) and 1322(a)(4).  Regular payments that become due after filing shall be paid **directly** by Debtor(s):

| CREDITOR | TOTAL DUE | TOTAL AMOUNT PAID BY TRUSTEE |
|---|---|---|
| **-NONE-** | | |

3.8  **Priority Claims.** Pay priority claims allowed under § 507 that are not addressed elsewhere in the plan in full, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE |
|---|---|
| | |

3.9  **Pay the following sub-paragraphs concurrently:**

(A) **General Unsecured Claims.** Pay non-priority, unsecured creditors. Estimated total owed: $ __9,512.28__ . Amount required to

3

be paid to non-priority unsecured creditors as determined by §1325(a)(4) hypothetical Chapter 7 liquidation calculation: $ **12,400.00** . Amount required to be paid to nonpriority unsecured creditors as determined by §1325(b) calculation: $ **0.00** . Debtor guarantees a minimum of $ **12,400.00** (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

   (B) **Surrender of Collateral.** Debtor proposes to surrender the following collateral to the following creditor(s). (Choose one).

☐ Any deficiency shall be paid as non-priority unsecured debt.
☐ The Trustee shall stop payment on the creditor's claim until such time as the creditor files an amended claim showing the secured and unsecured deficiency (if any) still owed after sale of the surrendered collateral

| CREDITOR | COLLATERAL |
|---|---|
| **-NONE-** | |

   (C) **Rejected Executory Contracts/Leases.** Debtor rejects the following executory contract(s) with the following creditor(s). Any balance to be paid as non-priority unsecured debt:

| CREDITOR | CONTRACT/LEASE |
|---|---|
| **-NONE-** | |

## Part 4.    OTHER STANDARD PLAN PROVISIONS

4.1    Absent a specific order of the Court to the contrary, the Chapter 13 Trustee, rather than the Debtor, will make all pre-confirmation disbursements pursuant to § 1326(a).

4.2    All creditors entitled to pre-confirmation disbursements, including lease creditors, must file a proof of claim to be entitled to receive payments from the Chapter 13 Trustee.

4.3    The proof of claim shall control the valuation of collateral and any valuation stated in the plan shall not be binding on the creditor.

4.4    The Trustee, in the Trustee's sole discretion, may determine to reserve funds for payment to any creditor secured by a mortgage on real estate pending filing of a claim.

4.5    Any post-petition claims filed and allowed under § 1305 may be paid through the plan.

4.6    Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

4.7    All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328. However, Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the court enters an order granting Debtor's request to avoid the liens.

4.8    Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such claimant.

## Part 5.    NONSTANDARD PLAN PROVISIONS

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "included" in Part 1 of this Plan:**

**5.1** Federal National Mortgage Association ("Fannie Mae")'s loan matures on May 1, 2019. Mortgage his being paid in Cram down paragraph. Starting 9/27/2018, Debtor will be responsible for future escrow payment. Debtor has already filed an amended J to list the anticipated monthly escrow expenses.

**5.2 Pay post petition mortgage arrearage in the amount of $2,451.53 to Seterus Inc (Nationstar Mortgage LLC d/b/a Mr. Cooper) over 59 months under the same disbursement level as creditors under no. 3.5c with 6.25% interest.**

Part 6.    VESTING OF PROPERTY OF THE ESTATE

6.1    Title to Debtor's property shall re-vest in the Debtor(s) upon confirmation.

Part 7.    CERTIFICATION

The debtor(s) and debtor(s) attorney, if any, certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 13 of the Eastern District of Missouri, other than any Nonstandard Plan Provisions in Part 5.

DATE:    **August 20, 2019**            DEBTOR:    **/s/ Olusesan Aderibigbe**
                                                    **Olusesan Aderibigbe**

DATE:    **August 20, 2019**                       **/s/ Joe Moriarty**
                                                   **Joe Moriarty 66513MO**
                                                   Attorney or Debtor(s)
                                                   **A & L, Licker Law Firm, LLC**
                                                   **1861 Sherman Drive**
                                                   **Saint Charles, MO 63303**
                                                   **636-916-5400**
                                                   **636-916-5402**

 

          **RESPECTFULLY SUBMITTED,**
          A&L Licker Law Firm, LLC
          By:    /s/ Tobias Licker
          Tobias Licker, #MO56778
          1861 Sherman Dr.
          St. Charles, MO 63303
          (636) 916-5400
          (fax) (636) 916-5402
          email: Tobias@lickerlawfirm.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the **Sixth Amended Chapter 13 Plan** was filed electronically on August 26, 2019, with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the **Sixth Amended Chapter 13 Plan** was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to those parties listed on the Court's Manual Notice List and listed below on August 26, 2019.

          /s/ Lynn M. Travis

Diana S. Daugherty     Via CM/ECF
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

Office of the US Trustee     Via CM/ECF
111 S Tenth St, Ste 6.353
St. Louis, MO 63102-1127

And to all creditors on the attached matrix

1st Financial Federal Credit Union
1232 Wenzville Parkway
Wentzville, MO 63385

Capio Partners LLC
2222 Texoma Pkwy Ste 150
Sherman, TX 75090

CF Medical LLC
4300 S Hwy 27 Suite 201
Clermont, FL 34711

Christian Hospital
11133 Dunn Road
Saint Louis, MO 63136

Dona Sommars
Sommars and Associates LLC
326 South 21st Street Suite 510
Saint Louis, MO 63103

Federal National Mortgage Association
14221 Dallas Pkwy
Dallas, TX 75254

IRS
PO Box 7346
Philadelphia, PA 19101-7346

Law Office of Mitchell Bluhm
2222 Texoma Pkw Suite 160
Sherman, TX 75091

LVNV Funding
PO Box 10497
Greenville, SC 29603

Metropolitan St Louis Sewer District
10805 Sunset Office Dr
Suite 300
Saint Louis, MO 63127

Millsap & Singer, P.C.
612 Spirit Drive
Chesterfield, MO 63005

Millsap and Singer PC
612 Spirit Drive
Chesterfield, MO 63005

Missouri Department of Revenue
PO Box 475
301 W. High Street
Jefferson City, MO 65105-0475

Pinnacle Credit Services
PO Box 640
Hopkins, MN 55343

Pinnacle Credit Services
PO Box 10587
Greenville, SC 29603-0497

Progressive Advanced Ins Co
6300 Wilson Mills Road
Cleveland, OH 44143

Quantum 3 Group LLC
P.O. Box 788
Kirkland, WA 98083

Receivable Management Services Corp
240 Emery Street
Bethlehem, PA 18015

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com					Best Case Bankruptcy

| | | |
|---|---|---|
| Resurgent Capital Services<br>P.O. Box 1410<br>Troy, MI 48099-1410 | Santander Consumer USA<br>PO Box 660633<br>Dallas, TX 75266-0633 | Schumacher Group<br>165 Caprice Ct, Unit B<br>Castle Rock, CO 80109 |
| Scott D Mosier<br>612 Spirit Drive<br>Chesterfield, MO 63005 | Seterus Inc<br>14534 Sw Millikan Way St<br>Beaverton, OR 97005 | Tbom/atls/fortiva Thd<br>Po Box 10555<br>Atlanta, GA 30310 |
| UMSL<br>One University Blvd<br>Saint Louis, MO 63121 | United States Attorney<br>111 South 10th Street<br>20th Floor<br>Saint Louis, MO 63102 | Verizon Wireless<br>PO Box 650051<br>Dallas, TX 75265 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                Best Case Bankruptcy